```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```
_____

DEUTSCHE BANK TRUST COMPANY AMERICAS
f/k/a BANKERS TRUST COMPANY,

    Plaintiff,

vs.                                           No. 17-2150-SHM-dkv

MELODY V. HOLLOWAY,
ANDREW L. LAWSON, and
ALL OTHER OCCUPANTS of
7247 TIMBER VALLEY COVE,
MEMPHIS, TN, 38125,

    Defendants.
_____

      REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL AND
      REMAND TO THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
_____

On June 4, 2013, the plaintiff Deutsche Bank Trust Company Americas ("Deutsche") filed a detainer action in the Shelby County Court of General Sessions against Melody Holloway ("Holloway"), Andrew Lawson ("Lawson"), and all other occupants of the property located at 7247 Timber Valley Cove, Memphis, TN 38125 (collectively "the Defendants"), for possession of said property. Deutsche received a judgment for possession on July 3, 2013, (Circuit Ct. Rs. 18, ECF No. 1-2), and Holloway filed an appeal in the Circuit Court of Shelby County, Tennessee ("Circuit Court") on July 11, 2013, (*Id.* at 20).

On March 6, 2017, Holloway filed a Notice of Removal of the case *Deutsche Bank Trust Company Americas f/k/a Bankers Trust Company v. Holloway et al.*, CT-003106-13, from the Circuit Court to the United States District Court for the Western District of Tennessee. (ECF No. 1.) Removal is based on 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and the Notice of Removal is only signed by Holloway. (ECF No. 1.) Holloway attached to her Notice of Removal certain state court records, such as the detainer action, the judgment for possession, and her appeal to the Circuit Court in 2013. Holloway also attached Deutsche's Motion for Immediate Writ of Possession where it was noted that Deutsche would bring said motion for hearing on April 29, 2016. (Circuit Ct. Rs. 14-16, ECF No. 1-2.)[1] It appears that Deutsche's Motion for Immediate Writ of Possession was ultimately set for a hearing on March 6, 2017 before Chancery Court Judge Gina Higgins. (*Id.* at 30.) Holloway filed her Notice of Removal on the same date. (*See* Notice of Removal, ECF No. 1.)

Before the court is a Motion to Dismiss filed by Holloway on March 9, 2017, seeking to dismiss the "actions of the Clerk and the remaining debt collectors [as] void and without merit," and for failure to state a claim. (*Pro Se* Mot. to Dismiss 1,

---

[1]Holloway does not state or include any documents or court filings that would indicate what transpired in this case from 2013 to 2016.

ECF No. 6.) In the Motion to Dismiss, Holloway also states that the state court did not have subject-matter or personal jurisdiction, the state court was an improper venue, and the process was insufficient. (*Id.*)

This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (ECF No. 5.) For the reasons that follow, it is recommended that this case be dismissed *sua sponte* for lack of subject-matter jurisdiction and be remanded to the Circuit Court of Shelby County, Tennessee, pursuant to 28 U.S.C. § 1447.

I. PROPOSED CONCLUSIONS OF LAW

A. Subject-Matter Jurisdiction

As an initial matter, the court must determine whether it has subject-matter jurisdiction over this case. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *see also Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)("Federal courts are not courts of general jurisdiction; they have only the power that is

authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."); *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982)("Federal courts are courts of limited jurisdiction. The character of the controversies over which federal judicial authority may extend are delineated in Art. III, § 2, cl. 1. Jurisdiction of the lower federal courts is further limited to those subjects encompassed within a statutory grant of jurisdiction."); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 ("It is a fundamental precept that federal courts are courts of limited jurisdiction.").

Federal courts are obliged to act *sua sponte* whenever a question about jurisdiction arises. *See, e.g., Ins. Corp. of Ireland, Ltd.*, 456 U.S. at 702 (stating that "a court, including an appellate court, will raise lack of subject-matter jurisdiction on its own motion"); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 287 n.10 (1938); *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009)("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*."). Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

4

In her Notice of Removal, Holloway states that removal is based on 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. (ECF No. 1.) Under § 1331, a federal district court has federal-question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Whether a claim presents a federal question is determined by looking to the plaintiff's statement of his own claim." *Lexington-Fayette Urban Cnty. Gov't Civil Serv. Comm'n v. Overstreet*, 115 F. App'x 813, 816 (6th Cir. 2004)(internal quotation marks omitted). "[T]he principle governing removal is this: the right or immunity created by the Constitution, a treaty, or other federal law that is claimed to provide the basis for bringing the state court case into the federal system by way of removal be an essential element of the plaintiff's properly pleaded claim for relief." 14B Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman, Federal Practice and Procedure § 3722 (4th ed. 2009).

> In determining whether a claim arises under federal law, we look only to the well-pleaded allegations of the complaint and ignore potential defenses that the defendant may raise. Even defenses that rely on the preclusive effect of a prior federal judgment or the pre-emptive effect of a federal statute, or that are anticipated in the plaintiff's complaint are irrelevant, as they do not form part of a plaintiff's properly pleaded statement of his or her claim. Although the well-pleaded-complaint rule focuses on what the plaintiff alleges, it allows a court to look past the words of a complaint to determine whether the allegations, no matter how the plaintiff casts them,

5

> ultimately involve a federal question. In addition to causes of action expressly created by federal law, federal-question removal thus also reaches ostensible state-law claims that (1) necessarily depend on a substantial and disputed federal issue, (2) are completely preempted by federal law or (3) are truly federal-law claims in disguise.

*Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474-75 (6th Cir. 2008)(internal quotation marks, alterations & citations omitted).

This case does not involve a federal question. There is no cause of action expressly created by federal law, or a state-law claim that necessarily depends on a federal issue, is preempted by federal law, or is a federal-law claim in disguise. Deutsche's detainer action arose under state law, see Tennessee Code § 29-18-101 *et seq.*, and therefore, the matter was properly before the state court.

In her Notice of Removal, Holloway states that removal is based on 15 U.S.C. § 1692k(d), which gives a United States district court jurisdiction over any action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. State court records attached by Holloway to her Notice of Removal indicate that Holloway alleged, in court filings and various communications, that Deutsche violated several provisions of the FDCPA. (*See* Circuit Ct. Rs. 3-5, 8-13, 26, ECF No. 1-2.) Assuming that Holloway purports to raise the FDCPA violations as a defense to the detainer action, federal

question jurisdiction is determined from the "well-pleaded allegations of the complaint" and cannot be based on a potential defense. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *Ohio ex rel. Skaggs*, 549 F.3d at 474-75.

Even if the court construes Holloway's FDCPA claim as a counterclaim, the court does not have subject-matter jurisdiction. The law is clear that federal-question jurisdiction over a removed action cannot be based on a counterclaim.

> [T]he federal contention or right that provides the predicate for removal must not be asserted as part of an issue that is merely collateral or incidental to a claim that is based primarily in state law, nor can the federal issue appear for the first time in the defendant's answer, by way of defense. Neither is it sufficient for the federal issue to enter the case through a counterclaim asserted by the defendant.

14B Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman, Federal Practice and Procedure § 3722 (4th ed. 2009); *see also Vaden*, 556 U.S. at 62 ("[C]ounterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance."); *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831-32 (2002)(stating that a counterclaim cannot service as a basis for a district court's jurisdiction under 28 U.S.C. § 1331). Therefore, for the reasons discussed herein, this court does not have subject-matter jurisdiction based on federal question.

7

As to diversity jurisdiction, Holloway does not argue that the court has diversity jurisdiction over this case nor does she plead the citizenship of the parties or the amount in controversy. Thus, she has not met her burden of pleading diversity jurisdiction and the court does not have diversity jurisdiction over this case. *See Leys v. Lowe's Home Ctrs., Inc.*, 601 F. Supp. 2d 908, 912-13 (W.D. Mich. 2009)(finding lack of diversity jurisdiction because the complaint and notice of removal did not adequately establish the citizenship of the parties); *Ellis v. Kaye-Kibbey*, No. 1:07-cv-910, 2008 WL 2696891, at *2-3 (W.D. Mich. July 1, 2008)(dismissing complaint for failure adequately to allege facts establishing diversity of citizenship despite conclusory allegation that diversity exists); *see also Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983)("To establish diversity jurisdiction, one must plead the citizenship of . . . individual parties.").

In sum, the court does not have subject-matter jurisdiction over the detainer action filed by Deutsche against the Defendants in 2013. The detainer action was brought pursuant to Tennessee law and Deutsche's claim does not include any federal causes of action. Any defenses supplied by federal law that the Defendants may have, should be asserted before the Circuit Court. The court thus recommends that the case be dismissed *sua*

8

*sponte* for lack of subject-matter jurisdiction and be remanded to the Circuit Court of Shelby County, Tennessee pursuant to 28 U.S.C. § 1447.

B.  Improper Removal

The court also notes the removal of this case from the Circuit Court to this court is improper for several reasons. First, 28 U.S.C. § 1446(b)(1) provides that:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Here, the detainer action against the Defendants was filed on June 4, 2013. (Circuit Ct. Rs. 18, ECF No. 1-2.) The Defendants unsuccessfully litigated this case in the Shelby County Court of General Sessions and then appealed the case to the Circuit Court. Subsequently, on March 6, 2017, the same day that Deutsche's Motion for Immediate Writ of Possession was set for hearing before Judge Higgins, Holloway removed the case to this court. Because the Defendants did not remove the case to this court within 30 days after receipt of the initial pleading or within 30 days after the service of summons, removal is improper.

9

Second, "*all* defendants . . . must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A)(emphasis added). Here, the Notice of Removal is only signed by Holloway. (Notice of Removal 2, ECF No. 1.) There is no indication that Lawson or the other occupants of 7247 Timber Valley Cove, Memphis, TN 38125 joined in or consented to the removal of the action to this court. *See also Robertson v. U.S. Bank, N.A.*, 831 F.3d 757, 761 (6th Cir. 2016)("In cases with multiple defendants, the 'rule of unanimity' requires that each defendant consent to removal." (citing 28 U.S.C. § 1446(b)(2)(A))). Further, to the extent that Holloway purports to represent the interest of the other defendants, Holloway may proceed *pro se* only on her own claims and may not appear on behalf of the other defendants. *See Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002).

For these reasons, removal to this court is procedurally improper.

## II. Recommendation

For the foregoing reasons, it is recommended that this case be dismissed *sua sponte* for lack of subject-matter jurisdiction and be remanded to the Circuit Court of Shelby County, Tennessee pursuant to 28 U.S.C. § 1447.

Respectfully submitted this 14th day of March, 2017.

        s/ Diane K. Vescovo_____
        DIANE K. VESCOVO
        CHIEF UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.