IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| DEUTSCHE BANK TRUST COMPANY AMERICAS F/K/A BANKERS TRUST COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) ) | No. 2:17-CV-02150-SHM-dkv |
| v. | ) ) ) | |
| MELODY V. HOLLOWAY, ANDREW L. LAWSON, AND ALL OTHER OCCUPANTS OF 7247 TIMBER VALLEY COVE, MEMPHIS, TN, 38125, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER**

Before the Court is the Magistrate Judge's Report and Recommendation, dated March 14, 2017 (the "Report"). (ECF No. 7.) The Report recommends that "this case be dismissed *sua sponte* for lack of subject-matter jurisdiction and be remanded to the Circuit Court of Shelby County, Tennessee pursuant to 28 U.S.C. § 1447." (Id. at 10.)[1] On March 23, 2017, Defendants filed their objection to the Report.[2] (ECF No. 10; ECF No. 11; ECF No. 12.)

---

[1] Unless otherwise noted, all in-cite page numbers refer to the PageID number.
[2] Defendant filed three documents on March 23, 2017. They are titled: (1) Notice; (2) Notice In Response to Debt Collectors; (3) Summary of

For the following reasons, the Court ADOPTS the Report of the Magistrate Judge. The case is remanded to the Circuit Court of Shelby County, Tennessee.

I. **Background**

On June 4, 2013, Plaintiff filed a detainer action against Defendants in the Shelby County Court of General Sessions. (ECF No. 1-2 at 19.) The detainer action sought possession of the property located at 7247 Timber Valley Cove, Memphis, Tennessee, 38125. (Id.) Plaintiff received a judgment for possession of the property on July 3, 2013. (Id.) Defendants filed an appeal in the Circuit Court of Shelby County, Tennessee, on July 11, 2013. (Id.; ECF No. 1-2 at 25-26.) It is not known what transpired in the case for the next three years. (ECF No. 7 at 43 n.1.)

On March 6, 2017, Defendants filed a Notice of Removal to this Court. (ECF No. 1.) Defendants stated that removal was based on 28 U.S.C. § 1331, 28 U.S.C. § 1441(d), and 15 U.S.C. § 1692k(d). (Id. at 1.) Although the signature line of the Notice of Removal printed the names of Defendants Melody Holloway and Andrew Lawson, only Melody Holloway signed the Notice of Removal. (Id. at 2.)

---

Claims and Judgment. (ECF No. 10; ECF No. 11; ECF No. 12.) The Court construes these three filings as Defendants' objections to the Magistrate Judge's Report. See United States v. Smotherman, 838 F.3d 736, 739 (6th Cir. 2016) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)) (noting that documents filed pro se are "to be liberally construed").

On March 9, 2017, Defendants filed a Motion to Dismiss. (ECF No. 6 at 40.) The Motion to Dismiss argues that "the actions of the Clerk and the remaining debt collectors are void and without merit" and should be dismissed. (Id.) The Motion to Dismiss also states that the state court did not have subject matter jurisdiction or personal jurisdiction, the state court was an improper venue, the process was insufficient, and Plaintiff failed to state a claim. (Id.)

On March 14, 2017, the Magistrate Judge entered the Report, recommending the case be remanded to the Circuit Court of Shelby County. (ECF No. 7.) The Magistrate Judge found that the Court does not have subject matter jurisdiction because Plaintiff's claim does not involve a federal question. (Id. at 46-47.) The Magistrate Judge also noted that removal was procedurally improper because it was untimely and because all Defendants did not join in the removal. (Id. at 50-51.) Defendants filed a timely, although improperly labelled, objection on March 23, 2017. (ECF No. 10; ECF No. 11; ECF No. 12.)

**II. Jurisdiction & Standard of Review**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district-court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S.

858, 869-70 (1989)). A district court has the authority to "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion." 28 U.S.C. § 636(b)(1)(B).

"A district judge must determine *de novo* any part of a Magistrate Judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). After reviewing the evidence, the Court is free to accept, reject, or modify the proposed findings or recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C). The district court is not required to review -- under a *de novo* or any other standard -- "any issue that is not the subject of an objection." Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed. Id.; United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981.)

Objections to any part of a Magistrate Judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995); see also Arn, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." Spencer v. Bouchard, 449 F.3d 721, 725 (6th Cir. 2006) (quoting Miller, 50 F.3d at 380). A

4

general, frivolous, or conclusive objection will be treated as if no objection had been made. Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991); see also Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986) ("[T]he district court need not provide *de novo* review where the objections are '[f]rivolous, conclusive or general.'" (internal quotations omitted)).

**III. Analysis**

Defendants' only reference to the Report is their objection to the Magistrate Judge's finding that the Court lacks subject matter jurisdiction. Defendants argue that the Court has jurisdiction because "the Detainer action does involve a federal question." (ECF No. 11 at 115; see also ECF No. 12 at 123.) Defendants argue that the federal question is raised on the back of Plaintiff's "Detainer Warrant," which contains a "FAIR DEBT COLLECTION NOTICE" and thus violates the Fair Debt Collection Practices Act ("FDCPA"). (ECF No. 11 at 115-17; see also ECF No. 12 at 125.)

As discussed by the Magistrate Judge, Plaintiff's "detainer action arose under state law." (ECF No. 7 at 47.) Plaintiff does not assert any federal cause of action against Defendants. (Id.) Defendants argue that there is a federal question because Plaintiff violated the FDCPA. (ECF No. 11 at 115.) As the Magistrate Judge recognized, however, "federal question jurisdiction is determined from the 'well-pleaded

5

allegations of the complaint' and cannot be based on a potential defense."  (Id. at 47-48 (quoting Vaden v. Discover Bank, 556 U.S. 49, 60 (2009)).)  Defendants' objection is without merit.

Defendants do not object to the Magistrate Judge's conclusion that removal of this case from the Circuit Court to this Court was procedurally improper.  (See generally ECF No. 10; ECF No. 11; ECF No. 12.)  Adoption of that part of the Report is warranted.  See Arn, 474 U.S. at 150-51.

**IV. Conclusion**

For the foregoing reasons, the Report is ADOPTED and the case is remanded to the Circuit Court of Shelby County, Tennessee.

So ordered this 6th day of September, 2017.

                                       /s/ Samuel H. Mays, Jr.
                                       SAMUEL H. MAYS, JR.
                                       UNITED STATES DISTRICT COURT JUDGE